TRAVIS SCOTT LAYNE
Name

1001 S SETH CHILD

MANHATTAN, KS 66502
Address

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

THOMAS QUINN, ET AL., Plaintiff
(Full Name)

CASE NO. 25-3085-JWL
(To be supplied by the Clerk)

V.

STATE OF KANSAS, ET AL., Defendant(s)
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) THOMAS QUINN , is a citizen of KANSAS
   (Plaintiff)                              (State)

   who presently resides at RILEY COUNTY JAIL, 1001 S SETH CHILD,
                                        (Mailing address or place
   MANHATTAN, KS 66502                        .
   of confinement.)

2) Defendant STATE OF KANSAS is a citizen of
              (Name of first defendant)

   TOPEKA, KS                                 , and is employed as
       (City, State)

   N/A                                        . At the time the
       (Position and title, if any)

claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

ALL VIOLATIONS WERE COMMITTED IN THE NAME

OF THE STATE.

XE-2 8/82             CIVIL RIGHTS COMPLAINT §1983                    1

3) Defendant <u>JEREMY LARCHICK</u> is a citizen of
(Name of second defendant)

<u>KANSAS</u>, and is employed as
(City, state)

<u>RILEY COUNTY DISTRICT MAGISTRATE</u>. At the time the
(Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes [✓] No [ ]. If your answer is "Yes", briefly explain:
JOHN McNISH COMMITTED ONE OR MORE OF THE CLAIMS ALLEGED UNDER COLOR OF STATE LAW WHEN HE PRESIDED OVER THE PRELIMINARY EXAMINATIONS OF TRAVIS LAYNE, JAMES WATKINS, AND ALONZO LAX, JR. UNDER THE GUISE OF STATE AUTHORITY AND WHILE PURPORTING TO ACT IN THE PERFORMANCE OF HIS OFFICIAL DUTIES.
(Use the additional pages to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1331; 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

_____

_____

B. NATURE OF THE CASE

1) Briefly state the background of your case:
- PLAINTIFFS ALLEGE THAT DEFENDANTS VIOLATED THE CONSTITUTION WHEN THEY EXCEEDED THE TIME LIMIT AS PROVIDED IN K.S.A 22-2902

TO CHALLENGE THE CONSTITUTIONALITY OF OUR PROSECUTIONS PLAINTIFFS CHOSE TO CHALLENGE THE CURRENT INTERPRETATION OF K.S.A. 22-2902 AND THE PRECEDENT THAT "THE [14-DAY] TIME LIMITATION [IS] DIRECTORY RATHER THAN MANDATORY."

CURRENT PRECEDENT IS BASED ON CASELAWS THAT ARE 21, 30, AND 50 YEARS OLD.

NEWER CASELAW, WHILE NOT SPECIFIC TO K.S.A. 22-2902, PERTAINS DIRECTLY TO THE HEART OF THE MATTER WHICH IS THE LEGISLATURES INTENTIONAL USE OF BOTH 'SHALL' AND 'MAY' IN A SINGLE STATUTE; THEREBY MAKING IT KNOWN THAT THEY WERE AWARE OF THE DIFFERENCE IN MEANINGS AND CHOSE THOSE MEANINGS WITH INTENT.

2

XE-2 8/82              CIVIL RIGHTS COMPLAINT §1983

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8.5" x 11") to explain any allegation or to list additional supporting facts.)

   A) (1) Count I: <u>VIOLATION OF THE SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL.</u>

   (2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.): <u>PRELIMINARY EXAMINATIONS AND PRELIMINARY STATUS HEARINGS WERE HELD AFTER THE STATUTORILY DEFINED 14-DAY LIMIT PROSCRIBED BY K.S.A. 22-2902. EACH DEFENDANT PRESIDED OVER OR REPRESENTED THE STATE IN UNCONSTITUTIONAL PROCEEDINGS OF ONE OR MORE PLAINTIFF</u>

   B) (1) Count II: <u>VIOLATION OF THE FOURTH AMENDMENT RIGHT "TO BE SECURE IN THEIR PERSONS... AGAINST UNREASONABLE... SIEZURES."</u>

   (2) Supporting Facts: <u>EACH DEFENDANT PRESIDED OVER OR REPRESENTED THE STATE IN PROCEEDINGS HELD AFTER THE ALLOWED LIMIT TO FIND PROBABLE CAUSE.</u>

C) (1) Count III: <u>VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT</u>

(2) Supporting Facts: <u>EACH DEFENDANT PRESIDED OVER OR REPRESENTED THE STATE IN PROCEEDINGS HELD OUTSIDE THE STATUTORY LIMIT AND THERE BY FAILED TO SERVE THEM WITH DUE PROCESS OF LAW.</u>

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒. If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:

   Plaintiffs: <u>N/A</u>

   Defendants: <u>N/A</u>

   b) Name of court and docket number <u>N/A</u>

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) <u>N/A</u>

   d) Issues raised <u>N/A</u>

   e) Approximate date of filing lawsuit  N/A

   f) Approximate date of disposition  N/A

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

INFORMAL RESOLUTION OF THESE ISSUES WAS SOUGHT VIA LETTERS SENT TO JUDGES, DEPUTY COUNTY ATTORNEY, AND DEFENSE COUNSELS. ON 04/18/2025. NO RESPONSES HAVE BEEN RECEIVED.

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

$1,000/DAY/PERSON BEYOND INDIVIDUAL VIOLATION DATES, PLUS $250,000/PERSON. THIS IS A TOTAL OF $3,900,000 AS OF 05/31/25. ADDITIONALLY, DISMISSAL OF ALL CHARGES OF WHICH SPEEDY TRIAL WAS DENIED.

_____   _Thomas Quinn_
Signature of Attorney (if any)        Signature of Plaintiff

                                      _Daniel Lansberg_

                                      _D. Damyruj McGee_

                                      _[signature]_

                                      _James R Watkins_

                                      _[signature] Jr_

(Attorney's full address and telephone number)

A. JURISDICTION

1) THOMAS QUINN, IS A CITIZEN OF KANSAS WHO PRESENTLY RESIDES AT RILEY COUNTY JAIL, 1001 S SETH CHILD, MANHATTAN, KS 66502.

DANIEL LOGSDON, IS A CITIZEN OF KANSAS WHO PRESENTLY RESIDES AT RILEY COUNTY JAIL, 1001 S SETH CHILD, MANHATTAN, KS 66502.

DAMERIUS MCGEE, IS A CITIZEN OF KANSAS WHO PRESENTLY RESIDES AT RILEY COUNTY JAIL, 1001 S SETH CHILD, MANHATTAN, KS 66502.

TRAVIS LAYNE, IS A CITIZEN OF KANSAS WHO PRESENTLY RESIDES AT RILEY COUNTY JAIL, 1001 S SETH CHILD, MANHATTAN, KS 66502.

JAMES WATKINS, IS A CITIZEN OF KANSAS WHO PRESENTLY RESIDES AT RILEY COUNTY JAIL, 1001 S SETH CHILD, MANHATTAN, KS 66502.

ALONZO LAX, JR., IS A CITIZEN OF KANSAS WHO PRESENTLY RESIDES AT RILEY COUNTY JAIL, 1001 S SETH CHILD, MANHATTAN, KS 66502.

3) DEFENDANT JOHN MCNISH IS A CITIZEN OF KANSAS AND IS EMPLOYED AS RILEY COUNTY DISTRICT MAGISTRATE.
AT THE TIME THE CLAIM(S) ALLEGED IN THIS COMPLAINT AROSE, WAS THIS DEFENDANT ACTING UNDER THE COLOR OF STATE LAW? YES

JOHN MCNISH COMMITTED ONE OR MORE OF THE CLAIMS ALLEGED UNDER COLOR OF STATE LAW WHEN HE PRESIDED OVER THE PRELIMINARY EXAMINATIONS OF THOMAS QUINN AND DAMERIUS MCGEE, AND THE PRELIMINARY STATUS HEARING(S) OF THE AFOREMENTIONED AND DANIEL LOGSDON UNDER THE GUISE OF STATE AUTHORITY AND WHILE PURPORTING TO ACT IN THE PERFORMANCE OF HIS OFFICIAL DUTIES.

DEFENDANT GRANT BANNISTER IS A CITIZEN OF KANSAS AND IS EMPLOYED AS RILEY COUNTY DISTRICT JUDGE.
AT THE TIME THE CLAIM(S) ALLEGED IN THIS COMPLAINT AROSE, WAS THIS DEFENDANT ACTING UNDER THE COLOR OF STATE LAW? YES

GRANT BANNISTER COMMITTED ONE OR MORE OF THE CLAIMS ALLEGED UNDER COLOR OF STATE LAW WHEN HE PRESIDE OVER THE PROCEEDINGS OF ALONZO LAX, JR. AND DEMARIUS MCGEE UNDER THE GUISE OF STATE AUTHORITY AND WHILE PURPORTING TO ACT IN THE PERFORMANCE OF HIS OFFICIAL DUTIES.

DEFENDANT KENDRA LEWISON IS A CITIZEN OF KANSAS AND IS EMPLOYED AS RILEY COUNTY DISTRICT JUDGE

AT THE TIME THE CLAIM(S) ALLEGED IN THIS COMPLAINT AROSE, WAS THIS DEFENDANT ACTING UNDER THE COLOR OF STATE LAW? YES

KENDRA LEWISON COMMITTED ONE OR MORE OF THE CLAIMS ALLEGED UNDER COLOR OF STATE LAW WHEN SHE PRESIDED OVER THE PROCEEDINGS OF TRAVIS LAYNE AND JAMES WATKINS UNDER THE GUISE OF STATE AUTHORITY AND WHILE PURPORTING TO ACT IN THE PERFORMANCE OF HER OFFICIAL DUTIES.

DEFENDANT DAVID LOWDEN IS A CITIZEN OF KANSAS AND IS EMPLOYED AS RILEY COUNTY DEPUTY COUNTY ATTORNEY.
AT THE TIME THE CLAIM(S) ALLEGED IN THIS COMPLAINT AROSE, WAS THIS DEFENDANT ACTING UNDER THE COLOR OF STATE LAW? YES

DAVID LOWDEN COMMITTED ONE OR MORE OF THE CLAIMS ALLEGED UNDER COLOR OF STATE LAW WHEN HE ALLOWED AND CONDONED THE VIOLATIONS BEING COMMITTED BY HIS SUBORDINATES UNDER THE GUISE OF STATE AUTHORITY AND WHILE PURPORTING TO ACT IN THE PERFORMANCE OF HIS OFFICIAL DUTIES.

DEFENDANT JOHN GRIFFIN IS A CITIZEN OF KANSAS AND IS EMPLOYED AS RILEY COUNTY ASSISTANT COUNTY ATTORNEY.
AT THE TIME THE CLAIM(S) ALLEGED IN THIS COMPLAINT AROSE, WAS THIS DEFENDANT ACTING UNDER THE COLOR OF STATE LAW? YES

JOHN GRIFFIN COMMITTED ONE OR MORE OF THE CLAIMS ALLEGED UNDER COLOR OF STATE LAW WHEN HE REPRESENTED THE STATE IN PRELIMINARY EXAMINATION OF TRAVIS LAYNE UNDER THE GUISE OF STATE AUTHORITY AND WHILE PURPORTING TO ACT IN THE PERFORMANCE OF HIS OFFICIAL DUTIES.

DEFENDANT TRINITY MUTH IS A CITIZEN OF KANSAS AND IS EMPLOYED AS RILEY COUNTY ASSISTANT COUNTY ATTORNEY.
AT THE TIME THE CLAIM(S) ALLEGED IN THIS COMPLAINT AROSE, WAS THIS DEFENDANT ACTING UNDER THE COLOR OF STATE LAW? YES

TRINITY MUTH COMMITTED ONE OR MORE OF THE CLAIMS ALLEGED UNDER COLOR OF STATE LAW WHEN HE REPRESENTED THE STATE IN PRELIMINARY EXAMINATION OF ALONZO LAX, JR., AND FURTHER PROCEEDINGS OF BOTH ALONZO LAX, JR. AND DAMERIUS MCGEE UNDER THE GUISE OF STATE AUTHORITY AND WHILE PURPORTING TO ACT IN THE PERFORMANCE OF HIS OFFICIAL DUTIES.

DEFENDANT CHRISTINA TROCHECK IS A CITIZEN OF KANSAS AND IS EMPLOYED AS RILEY COUNTY ASSISTANT COUNTY ATTORNEY
AT THE TIME THE CLAIM(S) ALLEGED IN THIS COMPLAINT AROSE, WAS THIS DEFENDANT ACTING UNDER THE COLOR OF STATE LAW? YES

CHRISTINA TROCHECK COMMITTED ONE OR MORE OF THE CLAIMS ALLEGED UNDER COLOR OF STATE LAW WHEN SHE REPRESENTED THE STATE IN PRELIMINARY EXAMINATIONS OF THOMAS QUINN, PRELIMINARY STATUSES OF DANIEL LOGSDON, AND FURTHER PROCEEDINGS OF TRAVIS LAYNE UNDER THE GUISE OF STATE AUTHORITY AND WHILE PURPORTING TO ACT IN HER OFFICIAL CAPACITY.

DEFENDANT MICHAEL BLACKBURN IS A CITIZEN OF KANSAS AND IS EMPLOYED AS RILEY COUNTY ASSISTANT COUNTY ATTORNEY.
AT THE TIME THE CLAIM(S) ALLEGED IN THIS COMPLAINT AROSE, WAS THIS DEFENDANT ACTING UNDER THE COLOR OF STATE LAW? YES

MICHAEL BLACKBURN COMMITTED ONE OR MORE OF THE CLAIMS ALLEGED UNDER COLOR OF STATE LAW WHEN HE REPRESENTED THE STATE IN PRELIMINARY EXAMINATION AND ALL FUTURE PROCEEDINGS OF JAMES WATKINS UNDER THE GUISE OF STATE LAW AND WHILE PURPORTING TO ACT IN HIS OFFICIAL DUTIES.

C. CAUSE OF ACTION
  1)
    D)(1) COUNT IV
      VIOLATION OF THE EIGTH AMENDMENT RIGHT TO BE FREE OF EXCESSIVE BAIL.
    (2) SUPPORTING FACTS
      EACH DEFENDANT PRESIDED OVER OR REPRESENTED THE STATE IN PROCEEDINGS HELD OUTSIDE THE LAW AND CONTINUED TO REQUIRE BAIL TO GAIN RELIEF FROM UNLAWFUL IMPRISONMENT