IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS QUINN, et al.,

     Plaintiffs,

     v.                           CASE NO.  25-3085-JWL

STATE OF KANSAS, et al.,

     Defendants.


<u>**MEMORANDUM AND ORDER TO SHOW CAUSE**</u>

     Plaintiffs are hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiffs' Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

     Plaintiffs bring this pro se civil rights action under 42 U.S.C. § 1983.  The Plaintiffs are: Thomas Quinn; Daniel Logsdon; Damerius McGee; Travis Layne; James Watkins; and Alonzo Lax, Jr.  At the time of filing, all Plaintiffs were in custody at the Riley County Jail in Manhattan, Kansas ("RCJ").  All of the Plaintiffs have filed a motion for leave to proceed in forma pauperis.

     Plaintiffs' claims relate to their individual state criminal proceedings in Riley County, Kansas.  Plaintiffs allege speedy trial violations based on the failure to hold their preliminary hearings within the statutorily defined 14-day limit set forth in K.S.A. 22-2902.  (Doc. 1, at 3.) They also allege unreasonable seizures in violation of the Fourth Amendment and violations of the Fifth and Fourteenth Amendments, based on this same failure to comply with the 14-day time limit.  *Id*. at 3–4.

Plaintiffs name as defendants:  the State of Kansas; four Riley County judges; and five Riley County attorneys.   Plaintiffs seek compensatory damages and "dismissal of all charges of which speedy trial was denied." *Id*. at 5.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Multiple Plaintiffs

Plaintiffs must comply with Rule 20(a)(1) regarding permissible joinder of plaintiffs. *Etier v. Soptic*, 2022 WL 1202395, at *3 (D. Kan. 2022). Courts have found permissive joinder of plaintiffs not feasible in prisoner litigation. "In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)." *Id.* (citations omitted); *see also Bray v. Oklahoma Cty. Jail Auth.*, 2022 WL 1097094, at *1 (W.D. Okla. 2022) (finding joinder infeasible, noting that the PLRA requires each plaintiff to pay the entire filing fee, one inmate may not legally represent another, and "prison movements and regulations could, at any time, restrict interpersonal communication between the Plaintiffs"). Plaintiffs were all pretrial detainees at the time of filing. However, Plaintiff Watkins has since been transferred to KDOC custody and is currently housed at the El Dorado Correctional Facility in El Dorado, Kansas. As other Plaintiff's state court cases proceed, they will most likely be transferred as well. Therefore, permissive joinder is not feasible in this case.

This Court has previously decided that prisoner plaintiffs may not undermine the statutory fee obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee. *See Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g.*, *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee) and *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191 (W.D. Okl. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)); *see also Davidson v. Thompson*, Case No. 18-3084-SAC, 2019 WL

1317465, at *2 (D. Kan. March 22, 2019) ("This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.") (citations omitted).

Each Plaintiff has filed a motion for leave to proceed in forma pauperis (Docs. 3, 4, 5, 6, 7, and 8). Because this case is subject to dismissal as set forth below, the Court provisionally grants Plaintiffs leave to proceed in forma pauperis. Plaintiffs must show good cause why the Complaint should not be dismissed for the reasons stated herein. If any claim survives screening, the Court will sever each Plaintiff's claim into a separate action. After severance, the Court will address each Plaintiff's motion for leave to proceed in forma pauperis in their newly-opened case, and will determine whether an initial partial filing fee should be assessed under 28 U.S.C. § 1915(b)(1). Each Plaintiff granted leave to proceed in forma pauperis in their severed case would remain obligated to pay the remainder of the $350.00 filing fee in their individual case. The Court would direct each agency having custody of the Plaintiff to forward payments from Plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). Therefore, if any Plaintiff does not wish to proceed in their own individual case, they should notify the Court by the deadline set for responding to this Memorandum and Order to Show Cause.

## 2. Younger Abstention

Plaintiffs' claims relate to their individual state criminal proceedings in Riley County, Kansas. The Court may be prohibited from hearing Plaintiffs' claims regarding their state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate

5

opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

For any Plaintiff that has pending state court criminal proceedings, the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.  *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44).  Likewise, the third condition would be met because Kansas courts provide Plaintiffs with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies.  *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

To the extent Plaintiffs allege speedy trial violations, the Court would be prohibited from

hearing Plaintiffs' claim under *Younger*.  Plaintiffs' speedy trial claim is insufficient to trigger any of the *Younger* exceptions, and if the claim is construed as a petition for habeas corpus, they fare no better.  A prisoner proceeding pretrial under 28 U.S.C. § 2241 must first exhaust available state court remedies.  The *Younger* doctrine prevents a court proceeding in habeas from intervening in a pending state court criminal matter unless exceptional circumstances are present.

In *Arter v. Gentry*, the Tenth Circuit upheld a district court decision construing a pretrial detainee's claim of excessive bail as a claim under § 2241 and denying habeas relief for failure to exhaust state court remedies and noting that the *Younger* abstention doctrine, "compels us to avoid interference in ongoing state proceedings when the state courts provide an adequate forum to present any federal constitutional challenges." *Arter v. Gentry*, 201 F. App'x 653, 653–54 (10th Cir. 2006) (unpublished).  And in *Tucker v. Reeve*, a state pretrial detainee challenged his pretrial detention, alleging state officials set excessive bond, denied him a speedy trial, and engaged in illegal searches and seizures.  *Tucker v. Reeve*, 601 F. App'x 760 (10th Cir. 2015) (unpublished).  The Tenth Circuit upheld the district court's application of the *Younger* abstention doctrine.  *Id.* at 760–61.

### 3. State Statute

All of Plaintiffs' claims are based on their argument that their preliminary hearings were not held within the statutorily defined 14-day limit set forth in K.S.A. 22-2902.  "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Thus, the allegation that a state statute, state constitution, or state common law was violated states no claim under § 1983.  *See Livingston v. Unified Gov't of Wyandotte Cty.*, 2023 WL 2664115, at *5 (D. Kan. 2023) (claim regarding violation of K.S.A. 22-2902(b) was state law claim and not grounds for relief in federal court under § 1983).

### 4. State of Kansas

Plaintiff names the State of Kansas as a defendant.   The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).   Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983.  *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Because Plaintiffs have neither made a specific claim against the State of Kansas nor shown any waiver of immunity from suit, their claims against the State of Kansas are subject to dismissal.

### 5. State Court Judges

Plaintiffs name as defendants the state court judges presiding over their state criminal cases.   State court judges are entitled to personal immunity.   "Personal immunities . . . are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'"  *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiffs' claims against the state court judge should be dismissed on the basis of judicial immunity.  A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the

action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity.  *Stump*, 435 U.S. at 356–57.  Plaintiffs allege no facts whatsoever to suggest that the defendant judges acted outside of their judicial capacity.

### 6. County Prosecutors

Plaintiffs also name as defendants the prosecutors from their state criminal cases.  The Supreme Court has held that prosecutors enjoy absolute immunity "for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " *Neighbors v. Lawrence Police Dep't.*, 2016 WL 3685355, at *9 (D. Kan. July 12, 2016) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 431 (1976)).  Plaintiffs' claims concerning their criminal cases fall squarely within the prosecutorial function.  Their claims against the county prosecutors are subject to dismissal based on prosecutorial immunity.

### 7. Habeas Nature of Claim

For relief, Plaintiffs seek to have their state criminal cases dismissed.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*"  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court

remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); Therefore, any claim challenging a state sentence is not cognizable in a § 1983 action.

### 8. Motion for Appointment of Counsel

Plaintiffs have filed a Motion for Appointment of Counsel (Doc. 9), arguing that they are unable to afford counsel. They also argue that their imprisonment and lack of legal training will limit their ability to litigate, and the issues are complex and will require research and cross-examination of witnesses.

The Court has considered Plaintiffs' motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.

1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that any Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiffs appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if the Complaint survives screening.

**9. Motion for Service**

Plaintiffs have submitted a summons (Doc. 10) for service on Defendants. The Court will construe the summons as a motion for service. Because this case has not passed screening, any request for service is premature and therefore denied.

**IV. Response Required**

Plaintiffs are required to show good cause why Plaintiffs' Complaint should not be dismissed for the reasons stated herein. Failure to respond by the Court's deadline may result in dismissal of this case without further notice. Any Plaintiff that does not wish to proceed in their own individual case should notify the Court by the deadline for responding to this Memorandum and Order to Show Cause.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs are provisionally granted leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Appointment of Counsel (Doc. 9) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. 10) seeking service of summons is **denied.**

**IT IS FURTHER ORDERED** that Plaintiffs are granted until **July 11, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiffs' Complaint should not be dismissed for the reasons stated herein. Any Plaintiff that does not wish to proceed in their own individual case should notify the Court by this July 11, 2025 deadline.

**IT IS SO ORDERED**.

**Dated June 11, 2025, in Kansas City, Kansas.**

S/ **John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**